IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

<table>
<tr><td><strong>DAVID S. POMPA,</strong></td><td></td></tr>
<tr><td>Plaintiff,</td><td>No. 2:19-cv-00628-MO</td></tr>
<tr><td>v.</td><td></td></tr>
<tr><td><strong>TROY BOWSER; KEVIN JACKSON; CAPTAIN A. ALBERT; LT. J. STEWART; SARGENT G. MILLER; C.O. SWUART,</strong></td><td>OPINION AND ORDER</td></tr>
<tr><td>Defendants.</td><td></td></tr>
</table>

**MOSMAN, J.,**

This is a 42 U.S.C. § 1983 failure-to-protect claim against various Oregon prison officials. Before me are two motions: Plaintiff David S. Pompa's Motion for Partial Summary Judgment [ECF 64] and Defendants' Motion for Summary Judgment [ECF 66]. For the following reasons, I GRANT in part and DENY in part both motions.

## BACKGROUND

Mr. Pompa, a former member of the Sureños gang, alleges that Defendants violated his Eighth Amendment rights by failing to protect him from active members of the Sureños, despite his repeated expressions of fear and requests for protection. Mr. Pompa alleges that he was assaulted by a Sureño gang member, resulting in "injuries to his elbow and head." Pl.'s Am.

Compl. [ECF 63] at 4. Mr. Pompa further alleges "mental, emotional, and physical injuries." *Id.* at 6. He seeks a declaration that his constitutional rights were violated, a preliminary and permanent injunction ordering Defendants "to take training courses on protecting ward of the state," compensatory damages, costs, attorney fees, and "[a]ny additional relief this court deems just, proper, and equitable." *Id.* at 6–7. Both sides have moved for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). I must view the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### I.    Mr. Pompa's Motion for Partial Summary Judgment

Mr. Pompa moves for summary judgment on the following six points:

1. Per 42 U.S.C. § 1997e(a), Mr. Pompa exhausted available administrative remedies.
2. Per 42 U.S.C. § 1997e(e), Mr. Pompa pled physical injury.
3. Defendants do not have qualified immunity.
4. Mr. Pompa's claim is not barred by Oregon's statute of limitations.
5. Mr. Pompa is not barred from recovering noneconomic damages.
6. Eleventh Amendment immunity is inapplicable.

Defendants concede points (1), (4), and (6), and I therefore GRANT Mr. Pompa's motion as to those three points. For the reasons discussed below, I DENY his motion as to points (2) and (3) and GRANT his motion as to point (5).

### A.    Point Two: Physical Injury

As an affirmative defense, Defendants claim that Mr. Pompa has failed to satisfy the "physical injury" requirement in 42 U.S.C. § 1997e(e). Defs.' Answer to Am. Compl. [ECF 68] at 3. Mr. Pompa alleges that he has and moves for summary judgment on this point.

As noted above, Mr. Pompa claims physical injuries to his elbow and head, along with mental and emotional injuries. An inmate cannot bring a civil action for mental or emotional injury "without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Not any physical injury will do. The physical injury "need not be significant but must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (italics omitted).

After the assault, Mr. Pompa was seen by Tina Hazen, a registered nurse. Tina Hazen Decl. [ECF 67] at 1–3. She checked Mr. Pompa for injuries, including a concussion, and noted that Mr. Pompa was "alert and oriented" and had "no visible signs of distress." *Id.* at 2–3. She noted "a small scratch on his left elbow which was not actively bleeding." *Id.* at 3. She concluded that Mr. Pompa "did not require treatment." *Id.* Based on the absence of relevant medical entries after this evaluation, Nurse Hazen concluded that Mr. Pompa did not seek follow-up treatment related to the incident. *Id.* Photos taken after the incident reveal a small scratch on Mr. Pompa's elbow. *Id.* Attach. 3, at 11. No obvious injuries to the head are visible. *Id.*

These medical records are in accord with Mr. Pompa's notes and testimony. In his allegedly contemporaneous handwritten notes, Mr. Pompa wrote that Nurse Hazen documented

the "cut on my elbow" and "lumps on my head." David S. Pompa Decl. [ECF 74] Attach. 1, at 4.

In his deposition, Mr. Pompa described his injuries as follows: "I had a scratch, I think, on my

elbow and mostly emotional and—and mental." Pompa Dep. at 87–88.[1] When asked if he had

"any physical injuries other than the scratch to the elbow," Mr. Pompa responded, "No. Some

lumps on my head." *Id.* at 88.

In summary judgment briefing, Mr. Pompa for the first time claims he sustained

lacerations to his head. Pl.'s Resp. to Defs.' Mot. Summ. J. [ECF 73] at 6; *see also* Pompa Decl.

[ECF 74] at 5–6. This late allegation is contrary to Nurse Hazen's notes, the post-assault photos,

Mr. Pompa's deposition testimony, and Mr. Pompa's own handwritten notes. The untimely

allegation cannot create an issue of material fact, let alone show that Mr. Pompa, as movant, is

entitled to judgment as a matter of law. *See Oliver*, 289 F.3d at 629 (citing *Kennedy v. Allied*

*Mut. Ins. Co.*, 952 F.2d 262, 266–67 (9th Cir. 1991)).

Mr. Pompa fails to show that there is no genuine dispute as to any material fact regarding

the extent of his physical injuries. I therefore DENY Mr. Pompa's motion as to point (2).

## B.    Point Three: Qualified Immunity

Defendants claim the affirmative defense of qualified immunity. Defs.' Answer to Am.

Compl. [ECF 68] at 4. Mr. Pompa moves for summary judgment on this point, arguing that

Defendants cannot rely on qualified immunity as a matter of law.

When resolving a qualified-immunity question at summary judgment, the court engages

in a two-pronged inquiry. *Tolan v. Cotton*, 572 U.S. 650, 655 (2014). First, the court determines

whether the officer's conduct violated a federal right. *Id.* at 656. Second, the court "asks whether

the right in question was 'clearly established' at the time of the violation." *Id.* (quoting *Hope v.*

---

[1] An excerpt of Mr. Pompa's deposition is attached to Defendants' Motion for Summary
Judgment [ECF 66].

*Pelzer*, 536 U.S. 730, 739 (2002)). If both prongs are answered in the affirmative, then the qualified-immunity defense is defeated. Here, Mr. Pompa fails to show that there is no genuine dispute of material fact at least as to the first prong.[2]

Pursuant to the Eighth Amendment, prison officials must take reasonable measures to protect inmates from other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). "[H]aving stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833. But not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. To succeed on an Eighth Amendment failure-to-protect claim, the inmate must satisfy two requirements. First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Second, the inmate must show that the prison official acted with deliberate indifference. *Id.* at 834, 837. Courts are cognizant that "[p]rotecting the safety of prisoners and staff involves difficult choices and evades easy solutions." *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

Mr. Pompa argues that Defendants "knew or should have known that Plaintiff was a drop out Sureño" but "failed to act in a manner to protect Plaintiff from violence at the hands of other [adults in custody]." Pl.'s Partial Mot. Summ. J. [ECF 64] at 10. He provides evidence that he informed Defendants of his status as a drop out Sureño and of his fear of being attacked by an active member. *E.g. id.* Ex. 1, at 11–21. But Mr. Pompa fails to address, let alone establish

---

[2] Since Mr. Pompa cannot succeed on prong one, I do not address the second prong of the qualified-immunity inquiry.

beyond dispute, that Defendants exposed him to a substantial risk of serious harm or acted with deliberate indifference.

In any event, Defendants have provided evidence that creates a genuine issue of material fact as to whether they exposed Mr. Pompa to substantial risk of serious harm. For instance, as discussed above, Defendants have presented evidence that Mr. Pompa suffered only a scratch on his elbow. Although not dispositive, a rational juror could infer from this that Mr. Pompa was not exposed to a substantial risk of serious harm.

Additionally, Defendants present evidence that given the circumstances, they exposed Mr. Pompa to minimal risk. Prior to the assault at issue, Mr. Pompa had lived in multiple units and had engaged in multiple fights, including some in which he was the aggressor. Troy Bowser Decl. [ECF 71] at 2–3. Based on his history, "it was not feasible or advisable" to place Mr. Pompa in certain units. *Id.* at 2. Prior to the assault at issue, Mr. Pompa had no documented conflicts inside Unit 14. *Id.* Although Sureños were housed in that unit, Defendant Lance Albert avers that "[i]t is not uncommon for current and former gang members to live on the same unit without issues." Vanessa Nordyke Decl. [ECF 70] Attach. 1, at 4. Defendant Jonathan Stewart adds, "Some former gang members live in harmony with current gang members while others do not." *Id.* Attach. 2, at 8. Thus, even if Defendants exposed Mr. Pompa to *some* risk, a genuine question of material fact exists as to whether Defendants exposed Mr. Pompa to *substantial* risk. "The objective question of whether a prison officer's actions have exposed an inmate to a substantial risk of serious harm is a question of fact, and as such must be decided by a jury if there is any room for doubt." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075–76 (9th Cir. 2013). Here, there is room for doubt.

In sum, Mr. Pompa fails to show a lack of a genuine dispute as to the first prong of his failure-to-protect claim.[3] Thus, summary judgment is not appropriate, and I DENY Mr. Pompa's motion as to point (3).

### C.    Point Five: Noneconomic Damages

In their first answer, Defendants claimed that Mr. Pompa "cannot recover non-economic damages for his state law claims." Defs.' Answer to Compl. [ECF 12] at 6. In support, Defendants cited several Oregon statutes. Mr. Pompa moved for summary judgment on this point, noting that he is bringing a claim under federal, not state, law. Defendants removed this claim from their second answer, Defs.' Answer to Am. Compl. [ECF 68], but they have not conceded this point.

Mr. Pompa is correct. He has filed a federal claim under § 1983. "A state cannot limit the amount a plaintiff can recover in a section 1983 action . . . . All such limitations on the rights of plaintiffs under section 1983 are 'patently incompatible with the compensatory goals of the federal legislation.'" *Rogers v. Saylor*, 760 P.2d 232, 239 (Or. 1988) (quoting *Felder v. Casey*, 487 U.S. 131, 143 (1988)). Thus, the state statutes cited by Defendants in their first answer cannot affect the remedies sought by Mr. Pompa in this federal action. I GRANT Mr. Pompa's motion as to point (5).

## II.    Defendants' Motion for Summary Judgment

Defendants move for summary judgment on the following two points:

1. Mr. Pompa suffered a non-qualifying physical injury for Eighth Amendment purposes.
2. Defendant Troy Bowser had no personal involvement and should be dismissed with prejudice.

---

[3] I do not reach the second prong of his failure-to-protect claim (i.e., whether Defendants acted with deliberate indifference).

Mr. Pompa concedes point (2), and I therefore GRANT Defendants' motion as to that point. I DENY Defendants' motion as to point (1) for the following reasons.

Defendants argue that Mr. Pompa's entire claim is defeated because he cannot show more than a de minimis injury. Defs.' Mot. Summ. J. [66] at 3 (asserting that a viable Eighth Amendment claim requires more than a de minimis injury) (citing *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992)). But the Ninth Circuit has rejected this reading of *Hudson*. *Oliver*, 289 F.3d at 628. An inmate need not show a certain severity of physical injury to pursue a § 1983 action. *Id.* Even if an inmate is barred by § 1997e(e) from claiming mental or emotional injury, the inmate may still seek other forms of redress unrelated to mental or emotional injury. *Id.* at 629–30 (holding that "§ 1997e(e) applies only to claims for mental and emotional injury). Here, in addition to compensatory damages, Mr. Pompa seeks declaratory relief, injunctive relief, and "[a]ny additional relief this court deems just, proper, and equitable." Pl.'s Am. Compl. [ECF 63] at 6–7. I DENY Defendants' motion on this point.

## CONCLUSION

For the above reasons, I GRANT in part and DENY in part Mr. Pompa's Motion for Partial Summary Judgment [ECF 64]. Specifically, I GRANT his motion as to points (1), (4), (5), and (6), and I DENY his motion as to points (2) and (3). And I GRANT in part and DENY in part Defendants' Motion for Summary Judgment [ECF 66]. Specifically, I GRANT their motion as to point (2) and DENY their motion as to point (1).

IT IS SO ORDERED.

DATED this 27th day of October, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge